IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORNELIUS PURNELL, #M10028,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-00640-SMY |
| | ) |
| **R/O HOHMER,** | ) |
| **I.D.O.C., and** | ) |
| **SHAWNEE C.C.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Cornelius Purnell, an inmate of the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights and violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Rehabilitation Act, 29 U.S.C. § 701, *et seq*. This matter is before the Court on Plaintiff's "Motion to Appeal Judicial Decision," which the Court construes as a motion to reconsider the Court's Orders denying his motions to supplement the Complaint (Docs. 10, 13, 19, 22) and denying his motion to recuse the undersigned (Doc. 20).

The Court has advised Plaintiff on 4 occasions that he cannot add or modify parties or allegations in his Complaint in a piecemeal fashion and that the proper method is to seek leave to file an Amended Complaint that complies with Federal Rule of Civil Procedure 15 and SDIL-LR 15.1. (Docs. 10, 13, 19, 22). Nevertheless, Plaintiff insists he has a right to supplement his Complaint and argues this Court has erred in denying his motions. The Court has not prohibited Plaintiff from supplementing the information in his Complaint; it simply won't allow him to do so improperly. The Court finds no manifest error or law in its rulings.

Additionally, Plaintiff asserts he is exercising his right to recuse the undersigned and argues the Court erred in denying his request. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The statute also provides a number of circumstances in which a judge shall disqualify themself, for example, where he or she is related to a party, has a financial interest in the outcome, or has a personal bias or prejudice concerning a party. Plaintiff accuses the undersigned of the latter due to the Court's rulings against him. But as the Court noted in its most recent Order, dissatisfaction with a judge's rulings is not a basis for recusal. *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996). Recusal "is required only if actual bias or prejudice is 'proved by compelling evidence.'" *Hook,* 89 F.3d 350, 355 (7th Cir.1996) (quoting *U.S. v. Balistrieri,* 779 F.2d 1191, 1202 (7th Cir. 1985)). Finding no grounds warranting recusal, and finding no manifest error or law in its rulings, the motion to reconsider is **DENIED**.

Finally, attached to the motion is a document titled "Proof of Claim." (Doc. 23-1). This document appears to seek certain assurances from the Court regarding Plaintiff's rights, the Court's intentions, and promises that the Court will not dismiss Plaintiff's claim and will rule in his favor with sufficient evidence. This document is without legal basis and is improper. Accordingly, the Clerk of Court is **DIRECTED** to **STRIKE** the "Proof of Claim" (Doc. 23-1) from the record.

**IT IS SO ORDERED.**

**DATED:  August 13, 2020**

> *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **United States District Judge**