IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORNELIUS PURNELL, #M10028, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 20-cv-00640-RJD |
| R/O HOHMER, IDOC, and SHAWNEE CC, | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**[1]

Plaintiff Cornelius Purnell, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this action pursuant to 42 U.S.C. § 1983[2] for alleged deprivations of his constitutional rights and violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* (Doc. 1). Plaintiff seeks monetary damages.

---

[1] The Court has jurisdiction to screen Plaintiff's Complaint in light of his consent to the full jurisdiction of a Magistrate Judge and the Illinois Department of Corrections' limited consent to the exercise of Magistrate Judge jurisdiction, as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

[2] Plaintiff also states he is bringing this civil complaint under the Federal Tort Claims Act ("FTCA"). To bring a claim under the FTCA, he must allege wrongful conduct on the part of a federal agency and/or its employees. Plaintiff is incarcerated in a state prison alleging claims against a state agency and its employees. As such, he has no viable claim for relief under the FTCA. Accordingly, his claim is reviewed only under section 1983. **The FTCA claim should be considered dismissed with prejudice from this action.**

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff is a disabled and handicapped individual who uses a walker. He was brought to seg 1 cell 14 on October 22, 2019 and the R/Os took his walker subjecting him to inhumane living conditions. While deprived of his walker, he had to crawl on the dirty floor to take his medication and eat his meals. While attempting to use the toilet in his cell on October 24, 2019, he fell resulting in injuries to his knees because there were no handrails on the wall or the toilet. Plaintiff soiled himself and sat covered in his own urine, feces, and blood for over an hour waiting for assistance.

R/O Hohmer called Plaintiff out to the shower on October 25, 2019. Plaintiff informed Hohmer he needed his walker and that he takes showers in health care per doctor's order. Hohmer became hostile and indifferent as he retrieved Plaintiff's walker and then forced Plaintiff into a seg 1 shower and took his walker. Hohmer knew that Plaintiff was disabled and that the seg 1 shower was not ADA accessible. There were no handrails or shower chair in the seg 1 shower. Plaintiff fell, struck his head on the concrete floor rendering him unconscious, and injured his left knee and elbow.

On December 2, 2019, Plaintiff went to the law library, which is not ADA

accessible, with the assistance of another inmate. The inmate escorted Plaintiff safely up the stairs to the law library, but while walking down the stairs Plaintiff fell injuring his right hip, back, left elbow, and left knee.

Plaintiff injured his left toe in March, April, and May 2020 because he had a hole in the bottom of his state issued shoes due to a foot disorder called "drop feet." Because of the hole in the shoe, skin and flesh were torn from his toe. The Health Care Unit Administrator ("HCUA") and ADA Coordinator failed to provide Plaintiff with orthopedic shoes despite his numerous requests. The HCUA and a physician were aware of his disability and foot disorder but turned a blind eye to his request for orthopedic shoes.

Based on the allegations in the Complaint, the Court finds it convenient to divide this *pro se* action into the following Counts:

> **Count 1:** **Eighth Amendment claim for placing Plaintiff in a cell that was not ADA accessible, taking his walker, and leaving him in inhumane living conditions.**
>
> **Count 2:** **Eighth Amendment claim against R/O Hohmer for taking Plaintiff's walker and forcing him to shower in the seg 1 shower that was not ADA accessible.**
>
> **Count 3:** **ADA and/or RA claim against Defendants for failing to provide Plaintiff with an ADA accessible cell, an ADA accessible shower, and ADA access to the law library.**
>
> **Count 4:** **Eighth Amendment deliberate indifference claim for failing to provide Plaintiff with orthopedic shoes for his foot disorder.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is**

**mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

### Preliminary Dismissals

Plaintiff makes allegations against a number of individuals in the body of his Complaint who are not identified as defendants in the case caption  Individuals not identified in the case caption will not be considered defendants and any claims intended against them are considered dismissed without prejudice. *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

### Discussion

#### Count 1

The allegations in this claim are not associated with any of the named defendants (R/O Hohmer, IDOC, or Shawnee) and therefore, will be dismissed.

#### Count 2

Plaintiff's allegations are sufficient to proceed on a deliberate indifference claim against R/O Hohmer as to his serious medical needs and/or unconstitutional conditions of confinement.

#### Count 3

Plaintiff's allegations are sufficient to proceed on an ADA and/or RA claim.  This

claim cannot proceed against any individual defendants because individual employees of IDOC cannot be sued under the ADA or the RA. *Jaros v. Illinois Dep't of Corrs*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). As such, IDOC is a proper defendant. To the extent Plaintiff seeks to bring this claim against R/O Hohmer or Shawnee, they will be dismissed.

## Count 4

The allegations in this claim are not associated with any of the named defendants (R/O Hohmer, IDOC, or Shawnee) and therefore, will be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that Count 2 will proceed against R/O Hohmer. Count 3 will proceed against IDOC but is **DISMISSED** with prejudice as to R/O Hohmer and Shawnee CC. Counts 1 and 4 are **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to **TERMINATE** Shawnee CC as a defendant.

The Clerk of Court shall prepare for R/O Hohmer and IDOC: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court

will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

The Clerk of Court is further **DIRECTED** to **ENTER** the standard Qualified Protective Order pursuant to the Health Insurance Portability and Accountability Act.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with

this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 19, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.