IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CORNELIUS PURNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-640-RJD |
| | ) | |
| R/O HOHMER and IDOC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Cornelius Purnell, formerly incarcerated in the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights and violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* Plaintiff alleges he is a disabled and handicapped individual who was deprived of his walker and subjected to inhumane living conditions while he was incarcerated at Shawnee Correctional Center ("Shawnee"). The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and allowed Plaintiff to proceed on the following claims:

> Count Two: Eighth Amendment claim against R/O Hohmer for taking Plaintiff's walker and forcing him to shower in the seg 1 shower that was not ADA accessible.
>
> Count Three: ADA and/or RA claim against IDOC for failing to provide Plaintiff with an ADA accessible cell, an ADA accessible shower, and ADA access to the law library.

The Court also dismissed the following claims in its screening order:

> Count One: Eighth Amendment claim for placing Plaintiff in a cell that was not ADA accessible, taking his walker, and leaving him in inhumane

                     living conditions.

Count Four:    Eighth Amendment deliberate indifference claim for failing to provide Plaintiff with orthopedic shoes for his foot disorder.

Now before the Court is Plaintiff's Motion to Appeal Judicial Decision and Reconsider (Doc. 35), and Motion to Amend (Doc. 40). For the reasons set forth below, the motion to reconsider is **DENIED** and the motion to amend is **DENIED**.

## Motion to Reconsider[1]  (Doc. 35)

Plaintiff does not set forth any federal rule by which he brings his motion, however, based on the timing and substance of the same, the Court applies Federal Rule of Civil Procedure 54(b). Under Rule 54(b), the Court may revise any order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider an order under Rule 54(b) are judged largely by the same standards as motions to alter or amend a judgment under Rule 59(e), "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

In his motion, Plaintiff indicates he seeks an "order of judgment" in his favor on Counts 1, 3, and 4. Plaintiff also indicates that the IDOC is a private corporation acting under color of state law and each defendant enforced a non-ADA compliant policy that caused a constitutional

---

[1] Plaintiff captions his motion as "Appeal Judicial Decision and Reconsider." Plaintiff, however, does not identify any rule under which he is intending to bring an appeal, and, based on the substance and context of Plaintiff's motion, the Court construes it as a motion to reconsider.

deprivation. Plaintiff specifies that IDOC Director Rob Jeffreys and other policy-making officials caused his injury. First, with regard to Plaintiff's request to enter judgment in his favor on Counts 1, 3, and 4, such a request is not supported by evidence, adequate argument, or allowed under a motion to reconsider. The Court notes Plaintiff was allowed to proceed in this action on Count 3. Insofar as Plaintiff is attempting to ask the Court to reconsider dismissal of Counts 1 and 4, Plaintiff has not set forth any argument or evidence that would necessitate reconsideration. The Court reiterates Count 1 was dismissed because the allegations concerning Plaintiff's placement in a non-ADA compliant cell, confiscation of his walker, and confinement in inhumane living conditions was not associated with any identified defendant. Plaintiff has not set forth any evidence or allegation to reconsider this finding. Plaintiff has also failed to set forth any evidence or allegation for the Court to reconsider its dismissal of Count Four for the same reason — Plaintiff's failure to associate the alleged actions with any named defendant.

Finally, insofar as Plaintiff mentions Rob Jeffreys and indicates that each defendant enforced a non-ADA compliant policy, the Court reiterates the only proper defendant for an ADA and/or RA claim is the IDOC and naming any other defendant, including the IDOC Director, would be redundant. *See* 42 U.S.C. § 12131(1)(b); *Jaros v. Illinois Dep't of Corrections*, 684 F.3d 667, 670, n. 2 (7th Cir. 2012).

For these reasons, Plaintiff's Motion to Appeal and Reconsider is **DENIED**.

### Motion to Amend (Doc. 40)

Plaintiff submitted a proposed amended complaint identifying Director Rob Jeffreys, Shawnee Correctional Center ("Shawnee"), Karen Smoot, and Dr. David Alfonso as defendants in this action. More specifically, based on the allegations in the proposed amended complaint, it appears Plaintiff seeks to hold Jeffreys liable in both his individual and official capacity for failing

to secure the health, safety, and well-being of Plaintiff, and failing to ensure Plaintiff was accommodated with a handicap-accessible environment. Plaintiff seeks to hold Karen Smoot and Dr. David Alfonso liable for denying his request for orthopedic shoes, which caused Plaintiff to injure his left toe on March 12, 2020 and April 21, 2020. Finally, Plaintiff seeks to hold Shawnee liable in its official capacity because it is a private corporation acting under color of state law and is to be treated like a local government.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Although Plaintiff's proposed amendments are not unduly delayed and there does not appear to be bad faith or dilatory motive, they must be rejected on the basis of futility. First, Plaintiff's attempt to name Director Jeffreys in his individual capacity for Jeffreys' alleged failure to ensure Plaintiff was placed in a fully handicap accessible environment fails as there is no

indication Jeffreys was made aware of Plaintiff's placement or acted in deliberate disregard of the same.  With regard to the official capacity claim, the only proper defendant for an ADA and/or RA claim is the IDOC and naming any other defendant, including the IDOC Director, would be redundant.  *See* 42 U.S.C. § 12131(1)(b); *Jaros v. Illinois Dep't of Corrections*, 684 F.3d 667, 670, n. 2 (7th Cir. 2012).   This reasoning also applies to Plaintiff's attempt to name Shawnee as a defendant.  Although it is not clear what claim Plaintiff is attempting to set forth against Shawnee, it appears to be an ADA and/or RA claim.   As such, Shawnee need not be named as IDOC is the only proper defendant.

Finally, the Court finds no basis on which to add a claim against Karen Smoot and Dr. David.  Plaintiff alleges they turned a blind eye on his request for orthopedic shoes that caused him to injure his left toe on March 12 and April 21, 2020.   The mere allegation that Smoot and Dr. David denied a request for orthopedic shoes and that Plaintiff later injured his toe is not sufficient to rise to an Eighth Amendment violation, particularly when there is no allegation concerning Plaintiff's medical needs related to orthopedic shoes and Smoot and Dr. David's knowledge of the same.  *See, e.g., Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (Holding that in order to establish deliberate indifference to a medical condition, a prisoner must demonstrate that he suffered from a condition that was sufficiently serious and that an official acted with a sufficiently culpable state of mind in failing to address the condition).

For these reasons, Plaintiff's motion to amend is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 19, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**