IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORNELIUS PURNELL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-CV-640-RJD |
| | ) |
| **R/O HOHMER and IDOC,** | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Motion to Dismiss and Stay the Deadline for Defendants' Motion for Summary Judgment on the Issue of Administrative Exhaustion (Doc. 68). For the reasons set forth below, the Motion is **GRANTED** as to Defendants' request to dismiss.

## Background

Plaintiff Cornelius Purnell is a former inmate in the custody of the Illinois Department of Corrections ("IDOC"). Plaintiff filed this action while incarcerated at Shawnee Correctional Center for alleged deprivations of his constitutional rights and violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* Plaintiff is proceeding in this action on an Eighth Amendment claim against Defendant Hohmer for placing Plaintiff in a cell that was not ADA accessible, taking his walker, and leaving him in inhumane conditions, and an ADA and/or RA claim against IDOC for failing to provide Plaintiff with an ADA accessible cell, an ADA accessible shower, and ADA access to the law library.

On July 13, 2020, Plaintiff was allowed to proceed in this matter *in forma pauperis* ("IFP"), and was assessed an initial partial filing fee of $14.44, which has been paid. In the

Court's order granting Plaintiff leave to proceed IFP, Plaintiff was directed to make monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account until the $350.00 filing fee was paid in full. In the motion to dismiss now before the Court, Defendants indicate that Plaintiff is no longer in custody and his last payment toward his filing fee was received on October 30, 2020. Plaintiff has paid $92.09 toward the filing fee, and owes the remainder of $252.91. Defendants argue dismissal is appropriate due to Plaintiff's failure to prosecute and make payments toward his filing fee.

Following the filing of Defendants' motion, the Court entered an Order explaining that although he is no longer incarcerated, Plaintiff is still obligated to pay the entire filing fee under 28 U.S.C. § 1915(b)(1). However, because Plaintiff is no longer incarcerated, the undersigned remarked that the collection mechanism under § 1915(b)(2) is inapplicable. Accordingly, the undersigned ordered Plaintiff to submit a new motion for IFP by September 3, 2021 to allow the Court to evaluate Plaintiff's resources and determine whether to defer collection of the remainder of the unpaid fee. Plaintiff was warned that his failure to comply with the Court's order could result in the imposition of sanctions, including dismissal of this lawsuit.

A motion to proceed IFP was sent to Plaintiff on August 16, 2021. The Court notes there is nothing in the docket to suggest Plaintiff has not received any of the filings in this matter. As of the date of this Order, the Court has not received a new motion for IFP, or any other filing by Plaintiff.

## Discussion

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. Pursuant to Rule 41(b), an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir.

2003) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other citations omitted). Although there is no requirement of graduated sanctions prior to dismissal, the Court must provide an explicit warning before a case is dismissed. *Aura Lamp & Lighting Inc. v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993)). Dismissal is the most severe sanction that a court may apply; as such, its use must be tempered by a careful exercise of judicial discretion. *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983).

The Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

This Court also has the "inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute." *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000). Such a dismissal may be made "when there is a 'clear record of delay or contumacious behavior.'" *Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989) (internal citations omitted).

In this instance, Plaintiff failed to comply with the Court's order directing him to provide an updated motion to proceed IFP by September 3, 2021. Plaintiff has also failed to make any payments toward his filing fee since October 2020, and has failed to respond to Defendants' motion to dismiss.

The Court finds that the conduct described above demonstrates a clear record of delay and contumacious conduct.

While the Court notes there are lesser sanctions available, they would be unavailing as Plaintiff has clearly lost interest in litigating this matter.

### Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss and Stay the Deadline for Defendants' Motion for Summary Judgment on the Issue of Administrative Exhaustion (Doc. 68) is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 8, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**